# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                    Case No. 08-30192-DHW
                                         Chapter 13
STANLEY L. CRAWFORD,

      Debtor.

## MEMORANDUM OPINION

Tefco Payment Center, Inc. ("Tefco") filed an objection to the confirmation of Stanley L. Crawford's ("Crawford" or "debtor") chapter 13 plan contending that the plan and the petition were not filed in good faith (Doc. #22). On June 16, 2008, an evidentiary hearing was conducted where the objection to confirmation was considered. At the hearing, Tefco appeared through its counsel, Clint L. Wilson, and the debtor appeared through his counsel, Earl Gillian, Jr. Upon consideration of the evidence and the law, the court concludes that the objection should be sustained.

## Jurisdiction

The court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring jurisdiction in title 11 matters to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because the issue here involves the confirmation of a plan, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Findings of Fact

The only evidence received at the confirmation hearing was the testimony of Tefco's president, Herman E. Moore. In addition to that testimony, the court takes judicial notice of the information contained in the debtor's schedules, statements, and lists filed in this case. It is from those sources that these factual findings are made.

In July 2007, Crawford purchased an automobile from TR Motors. TR

Motors financed the purchase of the car, and immediately thereafter, assigned the note and security agreement to Tefco. After the purchase, Crawford made two monthly installment payments. Crawford tendered a third installment payment, but that check was dishonored.

Upon the dishonor of the check, Tefco undertook to repossess the automobile. On several occasions, it contacted Crawford seeking information regarding the location of the vehicle. Crawford misled Tefco as to the car's whereabouts.

Having failed in its efforts to repossess the car, Tefco sought and obtained a writ of seizure. Efforts to recover the car through the writ of seizure also proved unsuccessful.

Crawford filed the instant chapter 13 petition for relief on February 2, 2008. His plan (Doc. #13, First Amended Chapter 13 Plan) provides for full payment of Tefco's secured claim plus interest in specified monthly payments of $325.

## Conclusions of Law

This court must confirm Crawford's plan if it finds that the plan complies with requirements of 11 U.S.C. § 1325(a). Tefco contends that Crawford's plan fails to meet the "good faith" requirements of § 1325(a)(3) and (7). Those subsections provide:

> (a) Except as provided in subsection (b), the court shall confirm a plan if— . . .
>    (3) the plan has been proposed in good faith and not by any means forbidden by law; . . .
>    (7) the action of the debtor in filing the petition was in good faith;

11 U.S.C. § 1325(a)(3) and (7).

In an objection to confirmation for lack of good faith, the burden of proof is allocated between the objecting party and the debtor. The objecting party bears "the initial burden of articulating a clear and cognizable objection." *In re*

2

*Fricker*, 116 B.R. 431, 438 (Bankr. E.D. Pa. 1990). The debtor, however, bears the ultimate burden of persuasion that the good faith requirements are satisfied. *Id.*; *Lincoln v. Cherry Creek Homeowners Ass'n (In re Lincoln)*, 30 B.R. 905, 909 (Bankr. D. Col. 1983)(holding that the debtor, as the plan proponent, has the burden of establishing the confirmation criteria enumerated in § 1325(a)).

The Court of Appeals for this circuit considered the good faith requirement of § 1325(a)(3) in *Kitchens v. Georgia Railroad Bank & Trust Co. (In re Kitchens)*, 702 F.2d 885 (11th Cir. 1983). The court held that good faith, which defies comprehensive definition, is determined based on the totality of the circumstances in each case: has there "been an abuse of the provisions, purpose or spirit" of the relief provided by chapter 13? *Kitchens*, 702 F.2d at 888. The court went on to enumerate a non-exhaustive list of factors which a bankruptcy court must consider in determining whether the statutory requirement of good faith is met.[1] Two of those factors are implicated here; 1) whether this debt would be nondischargeable in a case under chapter 7 and 2) the debtor's bona fides, or lack thereof, in dealing with this creditor.

Dischargeability Under Chapter 7

Tefco contends that the debtor's intentional and repeated misrepresentations regarding the location of his automobile during its attempts

---

[1] When considering whether a chapter 13 plan has been proposed in good faith, a bankruptcy court must consider the following factors: (1) amount of the debtor's income from all sources; (2) living expenses of debtor and his dependents; (3) amount of attorney fees; (4) probable or expected duration of debtor's chapter 13 plan; (5) motivations of debtor and his sincerity in seeking relief under the provisions of chapter 13; (6) debtor's degree of effort; (7) debtor's ability to earn and likelihood of fluctuation in his earnings; (8) special circumstances such as inordinate medical expense; (9) frequency with which debtor has sought relief under Bankruptcy Reform Act and its predecessors; (10) circumstances under which the debtor has contracted his debts and has demonstrated bona fides, or lack of same, in dealings with his creditors; and (11) burden which plan's administration would place on trustee. In addition, the court may consider the type of the debts to be discharged and whether such debts would be nondischargeable under Chapter 7, and accuracy of plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court. *See Kitchens*, 702 F.2d at 888-89.

3

to repossess the car constituted a fraud which would have rendered its claim nondischargeable were this case one under chapter 7. The relevant Code section provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt— . . .
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—
>>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A).

The debtor's misrepresentations in this case, however, would not render Tefco's claim nondischargeable under § 523(a)(2). In order to be non-dischargeable under that subsection, the debtor's misrepresentation, that is, his false pretense, false representation, or actual fraud, must have been made in order to obtain money, property, services, or an extension, renewal, or refinancing of credit. Here, the misrepresentation complained of occurred long after the debt was incurred and the vehicle obtained by the debtor. Tefco does not contend, nor does the evidence show, that the debtor made misrepresentations in conjunction with obtaining this credit or property. Therefore, it follows from the plain and unambiguous language of the statute that Tefco's claim is not of the type protected from discharge in chapter 7 under § 523(a)(2).[2]

*Bona Fides* In Dealing With Creditor

Tefco next complains that the debtor's dishonesty with respect to the location of the automobile demonstrates a lack of *bona fides* in his dealings. Further, according to Tefco, the debtor's *bona fides* are called into question due to his default with a bad check after having made only two monthly installment

---

[2] The court notes that debts under 11 U.S.C. § 523(a)(2) are also excepted from discharge in chapter 13. *See* 11 U.S.C. § 1328(a)(2).

4

payments.

The term *bona fides* means "good faith." The term is further defined as "[t]he standard of conduct expected of a reasonable person, esp. in making contracts and similar actions; acting without fraudulent intent or malice." *Black's Law Dictionary* (8th ed. 2004).

Tefco has established the fact that the debtor misrepresented on more than one occasion the location of its collateral. While the debtor's misrepresentations do not establish that Tefco's claim would be nondischargeable in chapter 7, those same misrepresentations call into question the debtor's fraudulent intent in his dealings with Tefco. Further, the debtor's almost immediate default in performance under the contract also calls his *bona fides* into question. Therefore, Tefco has met its burden going forward with respect to its good faith objection. The debtor, who bears the ultimate burden of persuasion here, has not met that burden with respect to this issue.

## Conclusion

Having found that the debtor has not met his burden of persuasion as to the issue of his good faith in filing the chapter 13 plan or the petition as required by 11 U.S.C. § 1325(a)(3) and (7), Tefco's objection to confirmation will be sustained. Pursuant to Fed. R. Bankr. Proc. 9021, a separate order will enter sustaining Tefco's objection to confirmation and ordering the chapter 13 case dismissed prospectively unless the debtor amends his plan, if possible, in consonance with this memorandum opinion, within a specified time.

Done this the 16th day of July, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
   Earl Gillian, Jr., Attorney for Debtor
   Clint L. Wilson, Attorney for Creditor
   Curtis C. Reding, Trustee

5

Case 08-30192   Doc 29   Filed 07/16/08   Entered 07/16/08 11:13:35   Desc Main
Document      Page 5 of 5